**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| THADDEUS BROOKS, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF ELMHURST, a municipal | ) | No. |
| corporation, and Police Officer ZACHARY | ) | |
| CARNEY, Star # 262, Police Officer | ) | |
| JACOB BELTRAN, Star #254, all as | ) | *Jury Trial Demanded* |
| individuals and as employees of the CITY | ) | |
| OF ELMHURST, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## COMPLAINT

NOW COMES the Plaintiff, THADDEUS BROOKS, by and through his attorneys, THE COCHRAN FIRM CHICAGO, and complaining of the Defendants, CITY OF ELMHURST, a municipal corporation, and Police Officer ZACHARY CARNEY, Star # 262 and Police Officer JACOB BELTRAN, Star #254, and each of them as individuals and as employees of the CITY OF ELMHURST, and states the following:

## JURSDICTION AND VENUE

1.     This action arises under the Constitution of the United States, particularly the Fourth and Fourteenth Amendments to the Constitution of the United States, under

the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988, and under the laws of the State of Illinois.

2.     The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, Sections 1331 and 1343.  Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to Title 28 of the United States Code, Section 1367.

3.     Venue is proper in the United States District Court for the Northern District of Illinois under Title 28 of the United States Code, Section 1391(b)(2), as the events complained of occurred within this district.

## PARTIES

4.     At all times relevant herein, Plaintiff, THADDEUS BROOKS, was a resident of the City of Westchester, County of Cook, State of Illinois, and a citizen of the State of Illinois. On and prior to March 5, 2017, Plaintiff was employed as a Maintenance Supervisor with the Village of Broadview Park District.

5.     Defendant CITY OF ELMHURST is a municipal corporation organized, existing and doing business under the laws of the State of Illinois, and at all times relevant provided police services in the City of Elmhurst through the Elmhurst Police Department.

6.     At all times relevant, including on or about March 5, 2017, the Defendant, CITY OF ELMHURST, employed a force of police officers who served through the Elmhurst Police Department and who were assigned to work within various geographical areas within the City of Elmhurst.

2

7.      The police officer defendants, Zachary CARNEY, Star no. 262, and JACOB BELTRAN, Star no. 254, were at all times relevant, sworn police officers employed by Defendant CITY OF ELMHURST and were acting within the scope of their agency, service and or employment with the City of Elmhurst and were acting under color of state law.

**FACTS**

8.      On or about March 5, 2017, during the early morning hours, the police officer defendants, Z. CARNEY, Star no. 262, and J. BELTRAN, Star no. 254, observed Thaddeus Brooks lawfully parked in a Chevy Astro van in the private driveway to his brother Darius Brooks' home located in Elmhurst, Illinois.  Plaintiff Brooks had parked the Chevy van by backing it up into the driveway alongside another car in the family driveway.

9.      The police officer Defendants approached Thaddeus Brooks as he sat in the van with the driver's door open and the dome light on. Mr. Brooks had briefly dozed off in the car.  Plaintiff awoke when the police arrived and told the officers that he was ok, and that he was staying at his brother Darius Brooks' home. The Plaintiff further advised the police that he was tired from a long day and that the van belonged to the Grace Central Church where his brother Darius was the pastor.

10.      Despite being told by the Plaintiff that the van belong to the church where his brother was the pastor, and that he was parked at his brother's home, the Defendant police officers persisted in interrogating and detaining the Plaintiff who was lawfully on private property owned by his brother.

3

11.     At some point Plaintiff Thaddeus Brooks told the Elmhurst police officers that they should or could verify that he was lawfully on his brother's property by ringing the doorbell and speaking with his brother, Pastor Brooks.  The Defendant officers refused Plaintiff's request, further detaining and questioning him despite the fact that the Plaintiff had not violated any laws or committed a crime.  At no time leading up to the police approaching or detaining Mr. Brooks had the police received a report of any crimes having occurred in and around the area or home where Plaintiff's van was lawfully parked.

12.     As the Defendant police officers continued to detain, interrogate and prevent the Plaintiff from entering his brother's home, the Defendants asked the Plaintiff if he had been drinking. The Plaintiff advised the officers that he did not drink. Despite the Plaintiff lawfully being on private property and not operating a vehicle, the officers required the Plaintiff to submit to a breathalyzer test.  Plaintiff submitted to a breathalyzer test which confirmed that he did not have any alcohol in his system.  The breathalyzer result reflected a reading of .000 BAC.

13.     After detaining and interrogating the Plaintiff for an extended period of time, and having the Plaintiff submit to a breathalyzer, the Defendant officers arrested Plaintiff and transported him to the Elmhurst police station. Once at the station, the Defendants initiated and brought false criminal charges against the Plaintiff including one felony count of unlawful possession of a controlled substance and driving under the influence.

14.     The Defendants acted in concert and collectively to deprive Plaintiff of his constructional rights and freedom under Federal law provided through the 4th and 14th

Amendment and under state law by falsifying police reports and providing false testimony to a Grand Jury in an effort to shield their unlawful, outrageous and unreasonable conduct.

15.     As a result of Defendants' misconduct, Plaintiff Thaddeus Brooks was incarcerated on false charges from a period of March 5, 2017 to June 13, 2017.

16.     There was no probable cause to support Plaintiff's arrest and prosecution for unlawful possession of a controlled substance and driving under the influence.

17.     Despite the lack of probable cause, Defendants began and/or continued criminal proceedings against Plaintiff.

18.     On or about June 30, 2017, all criminal charges brought against Thaddeus Brooks were resolved in favor of the Plaintiff and were subsequently dismissed by the State after the trial court granted Plaintiff's motion to quash the March 5, 2017 arrest based on the lack of probable cause.

## COUNT I – Federal Claim
### 42 U.S.C. §§ 1983 and 1988 Unlawful Seizure/False Arrest:
### Individual Officers CARNEY, Star no. 262, and BELTRAN, Star no. 254.

1 – 18. Plaintiff re-alleges Paragraphs 1 – 18 of the Complaint as Paragraphs 1 – 18 of Count I, as fully recited herein.

19.     The conduct of the Defendant officers in arresting Thaddeus Brooks without probable cause violated Plaintiff's constitutional right to be free from false arrest and unlawful seizures.

20.     As a direct and proximate cause of Defendants' conduct, Thaddeus Brooks suffered severe pecuniary damages, including loss of liberty, loss of normal life, loss of

employment, impairment of future employment, lost income, mental anguish and emotional distress and damage.

WHEREFORE, the Plaintiff, THADDEUS BROOKS, prays for judgment against the Defendant Police Officers Zachary CARNEY, Star no. 262, and JACOB BELTRAN, Star no. 254, in a fair and reasonable amount including punitive damages, for reasonable attorney's fees and costs, and any additional relief this Court deems just and proper.

**COUNT II – Supplemental State Law Claim**
**False Arrest: City of Elmhurst and Defendant Police Officers,**
**Individually and as Employees of the City of Elmhurst**

1-18. Plaintiff re-alleges Paragraphs 1-18 of the Complaint as Paragraphs 1-18 of Count II, as fully recited herein.

19.     There was no probable cause to support Thaddeus Brooks' arrest for the felony charge of unlawful possession of a controlled substance and driving under the influence

20.     Despite the lack of probable cause, Defendant City of Elmhurst, by and through certain officers, including but not limited to Officers CARNEY and BELTRAN, arrested and had charges approved against Plaintiff for unlawful possession of a controlled substance and driving under the influence. The conduct of Defendant City of Elmhurst, by and through its officers, in arresting Thaddeus Brooks without probable cause, was willful and wanton.

21.     As a direct and proximate cause of Defendants' conduct, Thaddeus Brooks suffered severe pecuniary damages, including loss of liberty, loss of normal life, loss of

employment, impairment of future employment, lost income, mental anguish and emotional distress and damage.

WHEREFORE, the Plaintiff, THADDEUS BROOKS, prays for judgment against the Defendant, CITY OF ELMHURST, and Defendant Police Officers Zachary CARNEY, Star no. 262, and JACOB BELTRAN, Star no. 254, in a fair and reasonable amount including punitive damages, for reasonable attorney's fees and costs, and any additional relief this Court deems just and proper.

### COUNT III - Supplemental State Law Claim
### Malicious Prosecution: City of Elmhurst and Defendant Police
### Officers, Individually and as Employees of the City of Elmhurst

18. 1-18. Plaintiff re-alleges Paragraphs 1-18 of the Complaint as Paragraphs 1-18 of Count III, as fully recited herein.

19. There was no probable cause to support Plaintiff's arrest and prosecution for the felony charge of unlawful possession of a controlled substance and driving under the influence.

20. Despite lacking probable cause, Defendants willfully, wantonly, and maliciously instituted and/or pursued criminal prosecution against the Plaintiff. All criminal charges against the Plaintiff were resolved in his favor.

21. As a direct and proximate cause of Defendant's conduct, Thaddeus Brooks suffered severe pecuniary damages, including loss of liberty, loss of normal life, loss of employment, impairment of future employment, lost income, and emotional distress and damage.

WHEREFORE, the Plaintiff, THADDEUS BROOKS, prays for judgment against

the Defendants, Police Officer prays for judgment against the Defendant Police Officers

Zachary CARNEY, Star no. 262, and JACOB BELTRAN, Star no. 254, in a fair and

reasonable amount including punitive damages, for reasonable attorney's fees and costs,

and any additional relief this Court deems just and proper.

Respectfully submitted,

By:    /s/ Melvin L. Brooks
     Attorneys for Plaintiff

Melvin L. Brooks
Breanna Kantor
The Cochran Firm Chicago
140 South Dearborn Street, Suite 1020
Chicago, Illinois 60603
(312) 262-2880
Firm I.D. No. 62288